UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| QUANNA LOVE,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE COMPANY,<br><br>    Defendant. | CIVIL ACTION NO. 3:23-CV-911 |

## **DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, gives notice and hereby remove this action from the District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and in support thereof would show unto the Court the following:

### I. BACKGROUND

1. On March 20, 2023, Plaintiff, Quanna Love (hereinafter "Plaintiff") filed Plaintiff's Original Petition (hereinafter "Petition") in Dallas County, Texas, under Cause No. DC-23-04126; *Quanna Love v. Allstate Vehicle and Property Insurance Company;* in the 134th District Court of Dallas County, Texas. (the "State Court Action").

2. Plaintiff's claims relate to real property located in Dallas County, Texas and homeowner's insurance policy no. 836021298, issued by the Defendant. Plaintiff's petition asserts claims for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and Breach of the Duty of Good Faith and Fair Dealing, and Fraud.

3. Defendant timely files this notice of removal within the 30-day timeframe dictated by 28 U.S.C. §1446(b).

## II. PROCEDURAL REQUIREMENTS

4. Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *Also see* 28 USC §124(b)(2).

5. Pursuant to LR 81, attached hereto as **Exhibit A** is an Index of Matters. Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit B and C** and incorporated by reference is a true and correct copy of the docket sheet and all documents filed of record with the Court in the State Court Action including all process, pleadings, and orders served.

6. Simultaneously with the filing of this Notice of Removal, Defendant is filing notice of the removal in the State Court Action pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit D**, and will provide written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. §1446(a).

7. Included in this filing are Defendants Disclosure Statement and Certificate of Interested Parties pursuant to Rule 7.1 of the Federal Rules of Civil Procedure (**Exhibit E)** and List of All Counsel of Record (**Exhibit F).**

## IV. BASIS FOR REMOVAL

8. Removal is proper in this case due to complete diversity. This Court has diversity jurisdiction under 28 U.S.C. §§1332(a). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

**A.    Diversity**

9. For the purposes of diversity jurisdiction, a person is considered a citizen of the state where the person is domiciled. *Preston v. Tennet Healthsystem Mem. Med. Ctr.*, 485 F.3d

2

793, 797 (5th Cir. 2007). Citizenship and residence are not synonymous. *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston*, at 799. "Domicile requires residence in [a] state and an intent to remain in the state." *Preston* at 798. A corporation is considered a citizen of both its state of incorporation and where it has its principal place of business.

10. Plaintiff is domiciled in the state of Texas.

11. Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation, and its principal place of business is located in Northbrook, Illinois.

**B.    Amount in Controversy**

12. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see *Ray v. State Farm Lloyds*, No. CIV.A.3:98- CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

13. The Court may also consider correspondence between the Parties, including responses to disclosure and pre-suit settlement demands to determine the amount in controversy.

*St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998) (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); see also *King v. Ameriprise Fin. Servs., Inc.*, No. C-09-112, 2009 WL 1767641 at *4 (S.D. Tex. 2009) (calling a pre-suit settlement letter relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim).

14. The amount in controversy in this case exceeds $75,000.00. The suit arises out of the processing of Plaintiff's insurance claim under a home insurance policy issued by the Defendant, Allstate. Plaintiff's petition asserts causes of action for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and Breach of the Duty of Good Faith and Fair Dealing. Plaintiffs seek costs to repair Plaintiff's property, attorney's fees, treble damages pursuant to the Texas insurance code, and exemplary damages.

15. Plaintiff has pled that for damages up to $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. In addition, Plaintiff sent a pre-suit demand, stating upon initiation of litigation, their demand would be $141,607.26.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants remove the State Court Action from Dallas County District Court, to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

LISA CHASTAIN & ASSOCIATES


*Ryan Kelley*
**RYAN KELLEY**
TBN:  24114883
P.O. BOX 655441
DALLAS, TX  75265
E-SERVICE ONLY:
DALLASLEGAL@ALLSTATE.COM
(877) 678-4763 (FAX)
ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon Plaintiffs' counsel as required by the rules of civil procedure.

THE HODGE LAW FIRM, PLLC
J. Rohlf Jewell
Shaun W. Hodge
The Historic Runge House
1301 Market Street
Galveston, Texas 77550
T: (409) 762-5000
F: (409) 763-2300
rjewell@hodgefirm.com
shodge@hodgefirm.com

ATTORNEYS FOR PLAINTIFF                    *VIA ECF*


*Ryan Kelley*
**RYAN KELLEY**

6